## HAIKU SUGAR COMPANY *vs.* A. FORNANDER, Tax Collector.

### ASSUMPSIT.    BEFORE JUDD, C.J.

### SEPTEMBER, 1884.

The taxing of water as the property of a Ditch Company, and again as giving increased value to land irrigated by it, held to be double taxation, and illegal.

The question involved is not merely one of valuation.

### DECISION OF JUDD, C.J.

The plaintiff corporation seeks in this action to recover $336.19 from the Tax Collector of Makawao, Maui, being an amount alleged to have been illegally collected from the plaintiff as taxes, paid under protest.

The essential facts, as admitted, are that the plaintiff corporation made a due return of its taxable property in the month of July, 1883, to the Assessor. Among other items the plaintiff returned 3885 acres of cane land at $20 per acre, upon which 723 acres of cane were growing. The Assessor declined to take

this valuation, but assessed 3162 acres at $30 per acre, and 723 acres at $92 per acre. This valuation of $92 per acre was placed upon the 723 acres as "watered" or irrigated land, whereas the valuation of $30 per acre was placed upon cane lands in Makawao having no water. The cane growing on all these lands was assessed separately.

The water used by plaintiff in irrigating the 723 acres was obtained from the Hamakua Ditch Company, a water supply company furnishing water in Makawao for a consideration; and the Hamakua Ditch Company was assessed and has paid taxes upon the full cash value of its property in the district of Makawao.

The tax of $62 per acre on the 723 acres (*i.e.*, the excess of $92 over the $30 for which unirrigated land was valued), was paid under protest; and the plaintiff claims that it is an illegal tax, as being a duplicate taxation on the same property.

It is claimed that the valuation of $62 per acre is for the enhanced value of the land by reason of its having water upon it to irrigate the cane planted thereon; and the water having already been assessed and the taxes paid, as the property of the company supplying this water, this property is twice taxed.

It was held by Chief Justice Harris and Mr. Justice McCully of this Court, in a case reported in 4 Hawn., 275, that the Hamakua Ditch Company was rightly taxed for the water brought on and supplied by it to various land owners in Makawao, as a distinct property. I am not at liberty in this case to question the soundness of that opinion (though I confess to some doubts as to whether water actually used in the irrigation of crops can properly be considered as a distinct property from the land which it benefits, and into which it sinks), for the fact exists that this water has been taxed as property to its owner, and this assessment was made in pursuance of the authority of the decision of the Court above referred to. The 723 acres of land in controversy, if water was not used to irrigate the cane upon it, would not have been assessed at the rate of $92 per acre; but it would have been valued by the

Assessor, we must presume, at $30, the rate fixed by him as the value of non-irrigated land in the district.

I think it follows logically that the water used for irrigating plaintiff's 723 acres has been twice taxed, once as the property of the Hamakua Ditch Company, and again as giving an increased value to the land of $62 per acre.

Duplicate taxation is illegal. See *Castle vs. Luce,* 4 Hawn., 77.

I am not convinced by the argument of defendant's counsel that the question involved here is one of valuation simply, and therefore the subject of appeal. It is true that the tax objected to is the excessive valuation of cane land, but the amount of this over-valuation can only be questioned in this case on the ground that the water which gave the land its increased value has been, as above stated, twice taxed—once *in solido* as the property of the Hamakua Ditch Company, and again as the distributive share owned by the plaintiff and used on its land.

Let judgment be entered for plaintiff for $336.19.

*W. R. Castle,* for plaintiff.

*W. A. Whiting* (Deputy Attorney-General), for defendant.

Honolulu, September 30, 1884.